DA 09-0257

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 56N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

LORIN T. HERON,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause No. DC 07-11
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Joslyn Hunt, Chief Appellate Defender; Lisa S. Korchinski,
Assistant Appellate Defender, Helena, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

Kent Sipe, Musselshell County Attorney, Roundup, Montana

Submitted on Briefs: February 10, 2010

Decided: March 18, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Lorin Heron (Heron) appeals from the denial of his motion for a directed verdict[1] by the Fourteenth Judicial District Court, Musselshell County.  We affirm.

¶3     The issue on appeal is whether the District Court correctly denied Heron's motion to dismiss for insufficient evidence.

¶4     After a "three-day runner," Heron arrived drunk to meet with his probation officer. Heron admitted to drinking and eventually to driving.  Two officers observed that Heron smelled of alcohol and had red or glassy eyes.  Heron was arrested for an alcohol violation of his probation after submitting to a preliminary alcohol screening test that showed positive.  However, when his vehicle was found nearby, Heron refused all field sobriety tests and refused to provide a breath sample.  Heron was arrested for felony driving under the influence (DUI) and was convicted by a jury.

---

[1] We deem  Heron's  motion as a motion  to dismiss for insufficient evidence made pursuant to § 46-16-403, MCA, and apply the same standard of review as previously used for motions for a directed verdict of acquittal.  *See State v. McWilliams*, 2008 MT 59, ¶ 36, 341 Mont. 517, 178 P.3d 121.

¶5     This Court reviews de novo a district court's denial of a motion to dismiss for insufficient evidence. *State v. Cybulski*, 2009 MT 70, ¶ 42, 349 Mont. 429, 204 P.3d 7. When examining the sufficiency of evidence, this Court views the evidence in the light most favorable to the prosecution to determine whether "a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *Cybulski*, ¶ 42. This Court defers to the fact-finder on issues of witness credibility and evidentiary weight. *State v. Trujillo*, 2008 MT 101, ¶¶ 8-9, 342 Mont. 319, 180 P.3d 1153.

¶6     It is unlawful for a person under the influence of alcohol "to drive or be in actual physical control of a vehicle upon the ways of this state open to the public." Section 61-8-401(1)(a), MCA. "'Under the influence' means that as a result of taking into the body alcohol, drugs, or any combination of alcohol and drugs, a person's ability to safely operate a vehicle has been diminished." Section 61-8-401(3)(a), MCA. Signs of intoxication include bloodshot or glassy eyes, the odor of alcohol, and slurred speech. *Hulse v. DOJ*, 1998 MT 108, ¶ 40, 289 Mont. 1, 961 P.2d 75. Additionally, a jury may infer that a person who refuses to submit to a breath test is under the influence. Section 61-8-404(2), MCA.

¶7     Heron argues only that the evidence was insufficient to show that he was under the influence. However, the State presented sufficient evidence to allow the jury to find Heron "under the influence" beyond a reasonable doubt. Heron admitted he was on a "three-day runner," he admitted driving, and officers testified that he smelled strongly of alcohol and his eyes were glassy and red. Viewing this evidence in the light most

favorable to the prosecution, we conclude that the jury was presented sufficient evidence to find that Heron was under the influence. *Cybulski*, ¶ 42.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issue is clearly controlled by settled Montana law.

¶9     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ JIM RICE